UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ORTON,

            Plaintiff,            No. 10-cv-11013
                                       Hon. Gerald E. Rosen

v.

JOHNNY'S LUNCH FRANCHISE LLC
and ANTHONY CALAMUNCI,

            Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER

Plaintiff filed this suit on March 12, 2010, alleging a series of claims against Defendants, his former employers. The Court granted Defendants' motion to dismiss on July 20, 2010; and Plaintiff subsequently appealed. On February 21, 2012, the U.S. Court of Appeals for the Sixth Circuit reversed the Court's earlier determination and remanded the case for further consideration. During the pendency of appeal, Defendants filed suit against Plaintiff on substantially similar grounds, but elected to file their action in the U.S. District Court for the Northern District of Ohio. Plaintiff now asks the Court to transfer this case to the Northern District of Ohio for consolidation. As explained below, the Court will grant Plaintiff's motion.

Even when filed in a proper venue, 28 U.S.C. § 1404(a) provides that the Court, "for the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). The statute affords the Court tremendous discretion, and the party seeking transfer must make three showings: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994) (citing *Int'l Show Car Ass'n v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)). The decision to transfer is also guided by the following factors: "(1) The convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *Id*. "[A] plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing." *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002). Finally, "[t]ransfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Id*.

As an initial matter, Defendants have made only a superficial attempt at opposing Plaintiff's motion. They responded to the motion, but provided no argumentation beyond the cursory claim that Plaintiff "could have" initially filed suit in the Northern District of Ohio. Defendants made no effort to engage the considerations described above. Plaintiff could indeed have filed suit in Ohio originally, since Defendants are located there and likely directed relevant business decisions from there as well. Defendants have not shown how this fact negatively affects the decision to transfer, however, since

Defendants' claim in effect concedes an element of the § 1404(a) inquiry. 28 U.S.C. § 1404(a).

Moreover, on closer inspection, it appears that transfer would indeed serve the interest of justice and the parties' convenience. First, as a matter of preserving scarce judicial resources, the Court is loath to prolong bifurcated litigation of similar claims and issues in separate courts. Doing so taxes the courts as well as the parties, causing the needless waste of time and financial resources. Dual litigation also creates the risk of inconsistent judgments. As the parties acknowledge that there will likely be no witnesses in this case, factors considering the witnesses' convenience do not impact the Court's analysis. Further, Plaintiff -- who has since moved to Virginia -- is the party seeking transfer in the first place, and a plaintiff's choice of venue is generally afforded substantial deference. *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002). Finally, a transfer to Ohio serves the convenience of Defendants as well, since Defendants are located in Ohio.

It thus appears that the factors affecting transfer of venue weigh overwhelmingly in favor of transferring this case to the U.S. District Court for the Northern District of Ohio. Such a transfer would substantially serve the interests of justice by avoiding simultaneous proceedings on the same issues; and the party most inconvenienced by the transfer, Plaintiff, is the party actually seeking transfer. Considering Defendants have not offered argumentation on point, the Court concludes that transfer is warranted.

NOW, THEREFORE,

IT IS HEREBY ORDERED that Plaintiff's request to transfer this case to the U.S. District Court for the Northern District of Ohio [Dkt. #16] is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137